Christopher J. Hamner, Esq. (SBN 197117)
chamner@hamnerlaw.com
Amy T. Wootton, Esq.  (SBN 188856)
awootton@hamnerlaw.com
Evelina Serafini, Esq. – Of Counsel (SBN 187137)
eserafini@hamnerlaw.com
**HAMNER LAW OFFICES, APC**
555 W. 5th Street, 31st Floor
Los Angeles, California 90013
Telephone:   (213) 533-4160
Facsimile:   (213) 533-4167

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICARDO DEL RIO, an individual California resident and TONY MEHRDAD SAGHEBIAN, an individual California resident, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs<br><br>vs.<br><br>UBER TECHNOLOGIES, INC., a Delaware corporation, RASIER-CA, LLC, a Delaware Limited Liability Company, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.   3:15-cv-03667-EMC<br><br>**FIRST AMENDED COMPLAINT FOR CLASS ACTION CLAIMS:**<br><br>1. **Failure to Pay Overtime Wages, Labor Code Section 510**<br>2. **Failure to Pay Minimum Wage, Labor Code §§  1194, 1197 and 1197.1 (Unpaid Minimum Wages)**<br>3. **Violation of Labor Code Section 2699 (PAGA)**<br>4. **Failure to Provide Itemized Statements**<br>5. **Reimbursement of Expenses, Labor Code Section 2802**<br>6. **Violation of the Fair Labor Standards Act ("FLSA", 29 U.S.C .§ 201, et seq.)** |

7. **Failure to Provide Meal Periods**
8. **Failure to Provide Rest Periods**
9. **Labor Code § 203 Penalties**
10. **Unfair Business Practices (B&P § 17200)**
11. **Injunctive Relief**

**COLLECTIVE CLAIMS:**

12. **Violation of the Fair Labor Standards Act ("FLSA", 29 U.S.C .§ 201, et seq.)**

**DEMAND FOR JURY TRIAL**

Complaint Filed: August 11, 2015
Trial Date:  None set

Plaintiffs RICARDO DEL RIO and TONY MEHRDAD SAGHEBIAN ("Plaintiffs") allege, on behalf of themselves and classes of those similarly situated, as follows:

## I.

## <u>INTRODUCTION</u>

1.      This is an action by and on behalf of current and former Drivers ("Uber Drivers") for UBER TECHNOLOGIES, INC., a Delaware Corporation and RASIER-CA, LLC, a Delaware Limited Liability Company (Defendants Uber

Technologies Inc. and Rasier-CA, LLC are collectively referred to as "Defendants" and "Uber") who are or were employed by Uber in locations in California as Uber "Independent Transportation Providers."  This job title is misleading as there is very little that is independent about the transportation work Uber Drivers do for Uber and Uber "Users" or passengers.  Uber Drivers have little discretion in their driving work for Uber.  Uber Drivers obtain access to Uber passengers through the Uber mobile application.

2.      Plaintiffs allege that Uber Drivers are employees, and like similar California employees, are entitled to basic wage protections such as overtime pay, the opportunity to take rest and meal breaks, expense reimbursement, minimum wage pay, and accurate and on-time payment of all wages due.

3.      Uber Drivers have little discretion in their driving work for Uber. Uber Drivers obtain access to Uber passengers through the Uber mobile application. The Uber mobile application controls almost every aspect of an Uber Driver's transportation work for Uber.  If an Uber Driver's access to the Uber mobile application is removed, the Uber Driver will have no opportunity for any work for Uber or its Users.

4.      Because Uber, through its mobile application, exercises significant control over its Uber Drivers, giving them little, if any, discretion over the driving

work they do for Uber, Uber Drivers cannot reasonably be considered independent contractors under California law.

5.      Plaintiffs' state law class action claims are asserted on behalf of the following individuals:

**All Uber Drivers (aka "Transportation Providers") who have driven for Uber, an Uber "User" or Uber Passenger in California during the Liability Period of August 11, 2011 and continuing.**

6.      It is Defendants' burden of pleading, evidence and proof to show that these employees are and were exempt under California wage and hour law.  These employees have spent an insignificant amount of work time doing anything that constitutes "exempt" and for that reason and others, they are and always have been entitled to overtime pay and non-exempt treatment under California wage and hour law.

7.      Plaintiffs are current Uber employees whose primary duties are non-exempt and who are misclassified by Uber as exempt from the overtime provisions of the applicable state wage and hour laws of California, as described in this complaint.  As Uber employees, Plaintiffs and the class they seek to represent are owed the important basic wage protections which other California employees are afforded.

/ / /

## II.

## FACTUAL ALLEGATIONS

8.     Uber holds itself out as a neutral technological platform, designed to enable drivers and passengers to transact the business of transportation. The reality, however, is that Defendants are involved in every aspect of the operation. Defendants vet prospective drivers, who must provide to Defendants their personal banking and residence information, as well as their Social Security Number.  Uber Drivers cannot use Defendants' application unless they pass Defendants' background and DMV checks.

9.     Defendants control the tools the drivers use; for example, drivers must register their cars with Defendants, and none of their cars can be more than ten years old.  Defendants refer to "industry standards" with respect to Uber Drivers' cars, however, it is unclear to what industry, other than the "taxi" industry, Defendants are referring.  Defendants monitor the Uber Drivers' approval ratings and terminate their access to the application if the rating falls below a specific level (4.6 stars).

10.     While Defendants permit their drivers to hire people, no one other than Defendants' approved and registered drivers are allowed to use Defendants' intellectual property.  Uber Drivers do not pay Defendants to use their intellectual property.

11.     The passengers pay Defendants a set price for the trip, and Defendants, in turn, pay their drivers a non-negotiable service fee.  If a passenger cancels a trip request after the Uber Driver has accepted it, and the Uber Driver has appeared at the pick-up location, the Uber Driver is not guaranteed a cancellation fee. Defendants alone have the discretion to negotiate this fee with the passenger. Defendants discourage Uber Drivers from accepting tips because it would be counterproductive to Defendants' advertising and marketing strategy.

12.     Plaintiffs' cars and their labor were their only assets.  Plaintiffs' work did not entail any "managerial" skills that could affect profit or loss.  Aside from their cars, Plaintiffs had no investment in the business.  Defendants provided the iPhone application, which was essential to his work.  But for Defendants' intellectual property, Plaintiffs would not have been able to perform the work.

13.     Defendants' business was subject to the requirements of the State Industrial Welfare Commission Order 9-2001 and Labor Code § 510, which require the following:

- Payment of the regular hourly pay rate for all hours worked during a workday or workweek;

- Payment of overtime (one and one-half times the regular hourly rate) for hours worked in excess of eight hours per day or 40 hours per

6

week or the first eight hours of the seventh consecutive workday of the workweek; and

- Payment of double the regular hourly rate for hours worked in excess of twelve hours per workday or eight hours on the seventh consecutive workday of the workweek.

14.     Plaintiffs allege that Uber Drivers are not engaged in a business distinct from Uber's business.  The Uber Platform ensures this.  All work which Uber Drivers do for Uber is a part of Uber's regular business through Uber's platform.  Through the Platform, Uber controls its entire transportation service. The Uber Platform is the critical tool to be used by Uber Drivers.  Without access to the Platform, Uber Drivers cannot do any work for Uber.

15.     Uber Drivers must pass stringent requirements to be placed on the platform.  Uber Drivers who do not work enough hours for Uber are removed from having access to the Platform.  Uber Drivers who are removed from the Platform cannot do any driver work for Uber.

16.     An Uber Driver's opportunity for profit or loss depends solely on Uber (and approved access to the Uber Platform) and not in any way on an Uber Driver's particular skill or acumen, or on any managerial or other discretionary job skill.

# III.

# PARTIES

**Plaintiff**

17.    Plaintiff RICARDO DEL RIO is a resident of Orange County, California.  Plaintiff currently works as an Uber Driver.  Plaintiff first started working for Uber in Los Angeles and Orange County.  At times, Plaintiff has worked shifts of more than 40 hours per week as an Uber Driver.

18.    Plaintiff TONY MEHRDAD SAGHEBIAN is a resident of Los Angeles County, California.  Plaintiff currently works as an Uber Driver.  Plaintiff consistently works approximately 60 hours per week for Uber.

**Defendants**

19.    UBER TECHNOLOGIES, INC., is a Delaware corporation, which owns and operates the Uber ride sharing service.  Uber operates its service throughout California.

20.    RASIER-CA, LLC, is a Delaware limited liability company, which owns and operates the Uber ride sharing service.  Uber operates its service throughout California.

/ / /

/ / /

# IV.

## JURISDICTION AND VENUE

21.     Venue is proper in this Court pursuant to 28 U.S.C. §1391 in that many of the acts and transactions giving rise to this action occurred in this district and because Defendants:

        (i)     are authorized to conduct business in this district and have intentionally availed themselves of the laws and markets within this district through the promotion, marketing, distribution and sale of their products in this district;

        (ii)     do substantial business in this district; and

        (iii)     are subject to personal jurisdiction in this district.

22.     Plaintiffs also allege that this case is related to the *O'Connor v. Uber Technologies, Inc.*, USDC Case number 3:13-cv-03826-EMC action, which seeks class certification relief for Uber drivers based on California Labor Code sections 351 and 2802.  Indeed, on August 21, 2015, the Honorable District Judge Edward M. Chen issued an order relating the cases.

23.     Plaintiffs are informed and believe, and based thereon allege, that each Defendant acted in all respects pertinent to this action as the agent of the other defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each defendant are legally attributable to the other

defendants. Furthermore, Defendants in all respects acted as the employer and/or joint employer of Plaintiffs and the class they seek to represent.  Plaintiffs are informed and believe and thereon allege that at all times relevant to this action, the named defendant and defendants DOES 1 through 10 were affiliated and were an integrated enterprise.

24.    Plaintiffs are informed and believe and thereon allege that at all relevant times each defendant, directly or indirectly, or through agents or other persons, employed Plaintiffs and the other Class Members, and exercised control over the wages, hours, and working conditions of Plaintiffs and the other Class Members.  Plaintiffs are informed and believe and thereon allege that, at all relevant times, each defendant was the principal, agent, partner, joint venturer, officer, director, controlling shareholder, subsidiary, affiliate, parent corporation, successor in interest and/or predecessor in interest of some or all of the other Defendants, and was engaged with some or all of the other Defendants in a joint enterprise for profit, and bore such other relationships to some or all of the other Defendants so as to be liable for their conduct with respect to the matters alleged below.  Plaintiffs are informed and believe and thereon allege that each defendant acted pursuant to and within the scope of the relationships alleged above, that each defendant knew or should have known about, authorized, ratified, adopted, approved, controlled, aided and abetted the conduct of all other Defendants; and

*UBER*

that each defendant acted pursuant to a conspiracy and agreement to do the things alleged herein.

## V.

## CLASS ALLEGATIONS

25.    Plaintiffs bring the First through Eleventh Causes of Action on behalf of themselves and on behalf of a proposed class of persons defined as:

**All Uber Drivers (aka "Transportation Providers") who have driven for Uber, an Uber "User" or Uber Passenger in California during the Liability Period of August 11 and continuing.**

26.    This action is brought and may properly be maintained as a class action pursuant to the provisions of F.R.C.P., Rule 23.

27.    There is a well-defined community of interest in the litigation and the Class is ascertainable.

A.    **Numerosity:**  The Class is so numerous that individual joinder of all members is impractical under the circumstances of this case.  While the exact number of Class Members is unknown to Plaintiffs at this time, Plaintiffs are informed and believe and thereon allege that it is several thousand employees or more.

B.    **Common Questions Predominate:**  Common questions of law and fact exist as to all Class Members, and predominate over any questions

that affect only individual members of the Class.  The common questions of law and fact include, but are not limited to:

(A)    What were and are the policies, programs, practices, procedures and protocols of Defendants regarding the Class Members' actual works and tasks and their job duties irrespective of job titles;

(B)    Whether Defendants are and were subject to overtime requirements contained in the California IWC Wage Orders and other California law with respect to the Class Members pursuant to Labor Code section 510, and Wage Order, No.4-2001 for the period commencing four years prior to the date of the filing of this Complaint and continuing through the date of judgment.

(C)    Whether Defendants' policy and practice of classifying Class Members as exempt from overtime entitlement under California law and Defendants' policy and practice of failing to pay overtime to the California Class members violate applicable provisions of California law, including applicable statutory and regulatory authority;

(D)    Whether Defendants unlawfully failed to pay overtime compensation in violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code §17200 et seq., and the California Labor Code and related

regulations, Cal. Labor Code §§ 201, 202, 203, 226, 510, 1174, 1174.5 and 1194, the applicable Cal. Wage Orders;

(E)     Whether Defendants violated California law by their policies, programs practices, procedures and protocols regarding rest period for the Class Members;

(F)     What were and are the policies, programs, practices, procedures and protocols of Defendants regarding furnishing the Class Members, upon payment of wages, itemized statements required  by Labor Code section 226;

(G)     Whether Defendants violated California law by their policies, programs, procedures and protocols regarding furnishing to the Class Members, upon each payment of wages, itemized statements required by Labor Code section 226;

(H)     Whether Defendants violated Business & Professions Code sections 17200 et seq., by their policies, programs, practices, procedures and conduct referred to in this cause of action;

(I)     Whether Defendants obtained voluntarily waivers with consent and full disclosure, and whether a written signed waiver is effective as to all future meal and rest periods;

*UBER*

(J)     The proper measure of damages sustained and the proper measure of restitution recoverable by members of the California Class; and

(K)     Additional common questions of law and fact may develop as the litigation progresses.

**C.    Typicality:**  Plaintiffs' claims are typical of the claims of Class Members.  Plaintiffs and other Class Members sustained losses, injuries and damages arising out of the Defendants' common policies, programs, practices, procedures, and course of conduct referred to in each cause of action and throughout this Complaint, which were applied uniformly to the Class Members as well Plaintiffs.  Plaintiffs seek recoveries for the same type of losses, injuries, and damages as were suffered by the other Class Members as well as Plaintiffs.

**D.    Adequacy:**  Plaintiffs and their counsel will fairly and adequately protect the interests of the Class Members.  Plaintiffs have no interest that is adverse to the interests of the other Class Members.

**E.    Superiority:**  A class action is superior to other available means for the fair and efficient adjudication of this controversy.  Individual joinder of all Class Members is impractical.  Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without

the unnecessary duplication of effort and expense that numerous individual

actions engender.  Also, because the losses, injuries and damages suffered

by each of the individual Class Members are small in the sense pertinent to

class action analysis, the expenses and burden of individual litigation would

make it extremely difficult or impossible for the individual Class Members

to redress the wrongs done to them.  On the other hand, important public

interests will be served by addressing the matter as a class action.  The cost

to the court system and the public of adjudication of individual litigation and

claims would be substantial, and substantially more than if the claims are

treated as class action.  Individual litigation and claims would also present

the potential for inconsistent or contradictory results.

   **F.** **Public Policy Considerations:** Defendants and other

employers throughout the state violate wage and hour laws.  Their current

employees are often afraid to assert their rights out of fear of direct or

indirect retaliation.  Their former employees are fearful of bringing claims

because doing so can harm their employment and future employment and

future efforts to secure employment.  Class actions provide Class Members

who are not named in the complaint a degree of anonymity that allows for

vindication of their rights while eliminating these risks, or at least

enormously reducing them.

# VI.

## CAUSES OF ACTION

### First Cause of Action

*Failure to Pay Overtime Wages, Labor Code Section 510*

(Lab. Code §§ 510, 1194 and 1199, IWC Wage Orders, and Related Violations –

Against All Defendants)

28.     Plaintiffs incorporate all previous paragraphs of this Complaint as though fully set forth herein.

29.     Throughout the period applicable to this cause of action, Plaintiffs, and the class they seek to represent, worked in excess of forty (40) hours per week and in excess of excess of eight (8) hours per day.

30.     Throughout the period applicable to this cause of action, Defendants did not pay Plaintiffs or Class Members at the required overtime rates for the work described in the preceding paragraphs.

31.     Pursuant to California Labor Code section 1194, Plaintiffs and the class they seek to represent, are entitled to recover unpaid overtime compensation, and other unpaid wages, plus interest, plus attorneys' fees and costs.

32.     As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, the California Plaintiffs and the California Class members have sustained damages, including loss of earnings for hours of overtime worked on

behalf of Defendant in an amount to be established at trial, prejudgment interest, and costs and attorneys' fees, pursuant to statute and other applicable law.

33.     WHEREFORE, Plaintiffs and the class they seek to represent request relief as described herein and below.

## **Second Cause of Action**

*Failure to Pay Minimum wage, Labor Code §§ 1194, 1197 and 1197.1*

(Unpaid Minimum Wages-Against All Defendants)

34.     Plaintiffs incorporate all previous paragraphs of this Complaint as though fully set forth herein.

35.     Defendants violated California Labor Code section 1194, 1197, 1197.1 and applicable Wage Order by willfully failing to pay all minimum wages due to Plaintiffs and class members.

36.     Plaintiffs and the class they seek to represent seek all actual, consequential and incidental losses and damages, according to proof.

37.     For penalties of $100.00 for the initial failure to timely pay each employee minimum wages, and $250.00 for each subsequent failure to pay each employee minimum wages pursuant to California Labor Code section 1197.1.

38.     For liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon pursuant to California Labor Code section 1194.2.

FIRST AMENDED COMPLAINT                                                                                    *UBER*

39.      For unpaid wages and civil penalties pursuant to California Labor Code sections 2699(f) and (g) and 558 in an amount of one hundred dollars ($100) for each violation per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation, plus costs and attorneys' fees for violation of California Labor Code section 1198.

**Third Cause of Action**

*Violation of Labor Board Section 2699(PAGA)*

(Against All Defendants)

40.      Plaintiffs incorporate all previous paragraphs of this Complaint as though fully set forth herein.

41.      As a result of the acts alleged above, Plaintiffs and the class they seek to represent seek penalties under Labor Code §§203, 212, 226.7, 510, 1194.

42.      For each such violation, Plaintiffs and the class they seek to represent are entitled to penalties in an amount to be shown at the time of trial subject to the following formula.

    1.  For $100 for the initial violation per employee per pay period.

    2.  For $200 for each subsequent violation per employee per pay period.

43.      These penalties shall be allocated 25% to the Labor and Workforce Development Agency ("LWDA") and 75% to the affected employees.

44.     Plaintiffs sent a certified letters to the LDWA and Uber as prescribed by the Labor Code postmarked July 16, 2015 and September 18, 2015. Plaintiffs and the class they seek to represent seek penalties as though the LDWA decided not to investigate pursuant to Labor Code §2699.3(a)(2)(A).

45.     WHEREFORE, Plaintiffs and the class they seek to represent request relief as described herein and below and as deemed just.

## Fourth Cause of Action

*Failure to Furnish Itemized Statements*

(Lab. Code §§ 226(b), 1174, 1175 - Against All Defendants)

46.     Plaintiffs incorporate all previous paragraphs of this Complaint as though fully set forth herein.

47.     Throughout the period applicable to this cause of action, Defendants intentionally failed to furnish to Plaintiffs and the class they seeks to represent, upon each payment of wages, itemized statements accurately showing, among other matters, the following: total hours worked, the applicable hourly rates in effect during the pay period, and the corresponding number of hours worked at each hourly rate.

48.     Plaintiffs and the class they seek to represent were damaged by these failures because, among other things, the failures led them to believe that they were not entitled to be paid overtime, even though they were so entitled, and

because the failures hindered them from determining the amounts of overtime wages owed to them.

49.     Plaintiffs and the class they seek to represent are entitled to the amounts provided for in Labor Code section 226(e), plus costs and attorneys' fees.

50.     WHEREFORE, Plaintiffs and the class they seek to represent request relief as described herein and below.

### Fifth Cause of Action

*Reimbursement of Expenses, Labor Code Section 2802*

(Against All Defendants)

51.    Plaintiffs incorporate all previous paragraphs of this Complaint as though fully set forth herein.

52.    Uber misclassifies Uber drivers as independent contractors, and fails to reimburse them for expenses they paid that should have been borne by their employer, which constitutes a violation of California Labor Code Section 2802.

53.    In failing to reimburse Plaintiffs and class members for expenses paid , Uber acted maliciously, oppressively, and despicably, with the wrongful intention of causing injury and hardship to Plaintiffs and class members by reaping economic gain at Plaintiffs and the class members' expense, in willful and conscious disregard of Plaintiffs and class members' statutory and regulatory rights.

**Sixth Cause of Action**

*Failure to Provide Meal Periods*

(Lab. Code §§ 226.7 and 512)

(Against All Defendants)

54.     Plaintiffs incorporate all previous paragraphs of this Complaint as though fully set forth herein.

55.     Throughout the period applicable to this cause of action, California law, as set forth in relevant part by the Industrial Welfare Commission Wage Orders at section (11), provided as follows:

> i.     No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes . . .
>
> ii.     If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the meal period is not provided.

56.     Similarly, Labor Code section 226.7 requires payment of one (1) hour of pay in lieu of meal periods not provided by the employer.  Throughout the period applicable to this cause of action, Defendants failed to consistently allow and provide the meal periods required by California law.  Therefore, Plaintiffs and

*UBER*

the class they seek to represent are entitled to compensation as stated above, plus interest, attorneys' fees, costs and other applicable relief.

57.     Throughout the period applicable to this cause of action, Defendants required Plaintiffs and the class they seek to represent to work during meal periods mandated by the applicable orders of the Industrial Welfare Commission.  Therefore Plaintiffs and the class they seeks to represent are entitled to be paid as stated in Labor Code section 226.7, plus interest, attorneys' fees, costs and other applicable relief.

58.     On information and belief, Plaintiffs allege that class members did not voluntarily or willfully waive rest and/or meal periods and were regularly required to work through rest and meal periods.  Defendants failed to meet the requirements for lawful on-duty rest and/or meal periods and/or instituted a course of conduct that created a working environment in which non-exempt employees were incapable of taking rest and/or meal periods.  As such, non-exempt employees were intimidated or coerced into waiving rest and/or meal periods, and any written waivers were obtained without full disclosure and are thus involuntarily and without consent.

59.     WHEREFORE, Plaintiffs and the class they seek to represent request relief as described herein and below.

## Seventh Cause of Action

*Failure to Provide Rest Periods*

(Lab. Code § 226.7 - Against All Defendants)

60.     Plaintiffs incorporate all previous paragraphs of this Complaint as though fully set forth herein.

61.     By their failure to provide rest periods for every four (4) hours or major fraction thereof worked per workday by non-exempt employees, and failing to provide one (1) hour's pay in lieu thereof, as alleged above and herein, Defendants willfully violated the provisions of Labor Code sections 226.7 and IWC Wage Orders at section (12).

62.     By failing to keep adequate time records required by sections 226 and 1174(d) of the Labor Code and IWC Wage Order at section (7), Defendants have injured Plaintiff and Class Members and made it difficult to calculate the unpaid rest and meal period compensation due Plaintiffs and members of the Plaintiff Class.  On information and belief, Plaintiffs allege that Defendants' failure to maintain accurate records was willful.

63.     As a result of the unlawful acts of Defendants, Plaintiffs and the class they seek to represent have been deprived of premium wages in amounts to be determined at trial, and are entitled to an accounting and recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs, under Labor

Code sections 201, 202, 203, 218.5, 226, 226.7, 1194 and 1199, and the applicable IWC Wage Orders.

64.      WHEREFORE, Plaintiffs and the class they seek to represent request relief as described herein and below.

## Eighth Cause of Action

*Labor Code Section 203 Penalties*

(Lab. Code §§ 201, 202, and 203 - Against All Defendants)

65.      Plaintiffs incorporate all previous paragraphs of this Complaint as though fully set forth herein.

66.      Plaintiffs seek to represent a subclass of Uber Drivers who are owned penalties under Labor Code section 203 who were discharged or quit their employment within the statute of limitations period applicable to this cause of action.  As of the filing of the Complaint, Defendants failed to timely pay wages due, and Plaintiffs and Class Members are owed penalties pursuant to Labor Code sections 201, 202, 203.

67.      Defendants failed to pay said employees, without abatement, all wages (as defined by applicable California law) within the time required by applicable California law.  Among other things, these employees were never paid any of the overtime compensation referred to in this Complaint, nor were they paid the other unpaid wages referred to in this Complaint.  Defendants' failure to pay

said wages within the required time was willful within the meaning of Labor Code section 203.

68.     Therefore, each of these employees is entitled to one day's wages for each day he or she was not timely paid all said wages due, up to a maximum of thirty days' wages for each employee.  Because none of said employees were ever paid the overtime wages to which they were entitled, and were never paid other unpaid wages referred to in this Complaint, each of said employees is entitled to thirty days' wages.

69.     WHEREFORE, Plaintiffs and the class they seek to represent request relief as described herein and below.

## Ninth Cause of Action

*Unfair Business Practices (B&P § 17200)*

(Bus. and Prof. Code § 17200 *et seq.*- Against All Defendants)

70.     Plaintiffs incorporate all previous paragraphs of this Complaint as though fully set forth herein.

71.     Plaintiffs bring this action on behalf of each and all members of the general public, including class members and Plaintiffs themselves, pursuant to Business and Professions Code sections 17200 *et seq.*  Defendants' conduct alleged above constitutes unlawful business acts and practices in violation of Business & Professions Code sections 17200 *et seq.* *("UCL").*  Defendant engaged

in unfair competition in violation of the UCL by violating, *inter alia,* each of the following laws:

    3.      California applicable Wage Orders

    4.      California Labor Code § 1194;

    5.      California Labor Code §§ 201, 202, 203, 204, and 226;

    6.      California Labor Code § 1174; and

    7.      California Labor Code § 510, which provides in relevant part:

> *ii.     Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee.*

72.     Defendants' course of conduct, acts, and practices in violation of the California laws mentioned in the above paragraph constitute a separate and

independent violation of the UCL. Defendants' conduct described herein violates the policy or spirit of such laws or otherwise significantly threatens or harms competition.  The harm to Plaintiffs and the California Class in being wrongfully denied lawfully earned wages outweighs the utility, if any, of Defendants' policies or practices and, therefore, Defendants' actions described herein constitute an unfair business practice or act within the meaning of the UCL.

73.     The unlawful and unfair business practices and acts of Defendants, described above, have injured the California Class members in that they were wrongfully denied the payment of earned overtime wages.

74.     The Plaintiffs and the class they seek to represent seek restitution in the amount of the respective unpaid wages earned and due at a rate not less than one and one-halftimes the regular rate of pay for work performed in excess of forty hours in a work week, or eight hours in a day, and double the regular rate of pay for work performed in excess of twelve hours per day and such other legal and equitable relief from Defendants' unlawful and willful conduct as the Court deems just and proper.

75.     Pursuant to Business and Professions Code sections 17200 *et seq.*, for the statute of limitations period covered by this cause of action, Plaintiffs and the class they seek to represent are entitled to restitution for, at least, the unpaid

overtime earnings and other unpaid earnings withheld and retained by Defendants referred to above.

76.     Plaintiffs and the class they seek to represent and the general public are also entitled to permanent injunctive and declaratory relief prohibiting Defendants from engaging in the violations and other misconduct referred to above.

77.     Defendants are also liable to pay attorneys' fees pursuant to California Code of Civil Procedure section 1021.5 and other applicable law, and costs.  The Plaintiffs, on behalf of themselves and Class members, also seek recovery of attorneys' fees and costs of this action to be paid by Uber, as provided by the UCL and California Labor Code §§ 218, 218.5, and 1194.

78.     WHEREFORE, Plaintiffs and the class they seek to represent request relief as described herein and below.

### Tenth Cause of Action

*Injunctive Relief*

(Against All Defendants)

79.     Plaintiffs incorporate all previous paragraphs of this Complaint as though fully set forth herein.

80.     Ubers employment practices, including but not limited to, its misclassification of Uber Drivers will cause Plaintiffs and the Class Members to suffer irreparable injury.

81.     If not enjoined by order of this Court, Uber will continue to misclassify its drivers as exempt from the basic wage protections such as overtime pay, the opportunity to take rest and meal breaks, expense reimbursement, minimum wage pay, and accurate and on-time payment of all wages due and Plaintiff and the Class Members will suffer irreparable injury.

82.     Plaintiffs and the Class Members do not have a plain, speedy, and adequate remedy in the ordinary course of law.

### Eleventh Cause of Action

*Violation of the Fair Labor Standards Act ("FLSA," 29 U.S.C .§ 201, et seq.)*

(On Behalf of each Class Member against each Defendant)

83.     Plaintiffs re-allege and incorporates by this reference each of the foregoing paragraphs as if fully set forth herein.

84.     Plaintiffs are informed and believe, and thereon allege, that Defendants have required, or require COLLECTIVE CLASS MEMBERS (All Uber Drivers (aka "Transportation Providers") who have driven for Uber, an Uber "User" or Passenger in California during the Liability Period of August 11, 2011 to the filing of this Complaint, and continuing (the "COLLECTIVE CLASS

FIRST AMENDED COMPLAINT                                                                 *UBER*

MEMBERS), as part of their employment, to work without receiving the minimum wage for all hours worked, under 29 U.S.C. § 206(a).  That Section provides the following:  "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the [minimum wage]."

85.    Plaintiffs are informed and believe, and thereon allege, that Defendants have required, or require COLLECTIVE CLASS MEMBERS, as part of their employment, to work without additional compensation, such as overtime pay, in excess of the forty hours per week maximum under 29 U.S.C. § 207(a)(1). That Section provides the following: "Except as otherwise provided in this section, no employer shall employ any of his employees for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate which is not less than one and one-half times the regular rate at which he is employed."

86.    Plaintiffs further bring this cause of action on behalf of a COLLECTIVE CLASS in accordance with 29 U.S.C. § 216 which consists of all Uber Drivers (aka "Transportation Providers") who have driven for Uber, an Uber "User" or Passenger in California during the Liability Period beginning August 11, 2011, and continuing to the date as determined by the Court. Plaintiffs are

FIRST AMENDED COMPLAINT                                                          *UBER*

informed and believe, and based hereon, allege that Defendants have required

and/or require the COLLECTIVE CLASS MEMBERS, as part of their

employment, to work without compensation for all hours worked, to work beyond

forty hours per week without the payment of overtime compensation therefore

and/or to work at a wage less than the minimum wage, pursuant to, inter alia, 29

U.S.C. §§ 206 and 207(a)(1). The FLSA claims are brought not only for alleged

overtime violations, but also for alleged off-the-clock and minimum wage

violations as well.  Indeed, in the performance of his duties for Defendants,

Plaintiffs and COLLECTIVE CLASS MEMBERS often did work over forty hours

per week, yet did not receive straight or overtime compensation for the work, labor

and services they provided to Defendants, as required by the FLSA. The precise

number of unpaid overtime hours will be proven at trial. Plaintiffs propose to

undertake appropriate proceedings to have the COLLECTIVE CLASS MEMBERS

aggrieved by Defendants' unlawful conduct notified of the pendency of this action

and given the opportunity to join this action as plaintiffs, pursuant to 29 U.S.C. §

216(b), by filing written consents to joinder with the Court. Defendants' violations

of the FLSA were willful and are ongoing.   As a result of the foregoing, Plaintiffs

seek judgment against Defendants on his own behalf, and on behalf of those

COLLECTIVE CLASS MEMBERS similarly situated who file written consents to

joinder in this action, for all unpaid wages, including overtime wages owed by

FIRST AMENDED COMPLAINT                                                                    *UBER*

Defendants to Plaintiffs and the COLLECTIVE CLASS MEMBERS, pursuant to 29 U.S.C. §§ 206 and 207, together with an award of an additional equal amount as liquidated damages, and costs, interests, and reasonable attorneys' fees, pursuant to, inter alia, 29 U.S.C. § 216(b).

## VII.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs and the class they seek to represent, pray for relief as follows:

1.     That the Court determine that this action may be maintained as a class action;

2.     That Plaintiffs be appointed the Class representatives;

3.     That the attorneys of record for Plaintiff whose names appear in this Complaint be appointed Class counsel;

4.     For unpaid wages at overtime rates for all overtime work and unpaid wages for all work for which they were not paid;

5.     For such general and special damages as may be appropriate;

6.     For waiting time penalties and civil penalties for all Class Members no longer in Defendants' employ at the time of Judgment;

7.     For pre-judgment interest;

8.     For the amounts provided for in Labor Code §§ 226(b), 226.7;

FIRST AMENDED COMPLAINT                                                                 *UBER*

9.     For restitution as described in the cause of action under Business & Professions Code §§ 17200 *et seq.* above;

10.     For permanent injunctive and declaratory relief described in the cause of action under Business & Professions Code §§ 17200 *et seq.* above;

11.     For penalties pursuant to Labor Code § 2699;

12.     For penalties pursuant to Labor Code § 2802;

13.     For penalties pursuant to

14.     For penalties pursuant to

15.     A declaratory judgment that the practices complained of herein are unlawful under California state law;

16.     Attorney's fees and costs of suit, including expert fees pursuant to Ca. Lab. Code §§218.5, 1194, and Calif. Code Civ. Proc. §1021.5; and

17.     Such other injunctive and equitable relief as the Court may deem proper.

**DATED:** September 21, 2015          **HAMNER LAW OFFICES, APC**

_____/s/_____

By:  Christopher J. Hamner, Esq., Counsel for Plaintiffs, RICARDO DEL RIO and TONY MEHRDAD SAGHEBIAN on behalf of themselves and all others similarly situated