UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICARDO DEL RIO, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>UBER TECHNOLOGIES, INC., et al.,<br><br>Defendants. | Case No. 15-cv-03667-EMC<br><br>**ORDER DENYING DEFENDANTS' MOTION TO COMPEL ARBITRATION**<br><br>Docket No. 16 |

## I.  INTRODUCTION

Plaintiffs Ricardo Del Rio and Tony Mehrdad Saghebian filed the instant class action lawsuit against Defendants Uber Technologies, Inc. and Rasier-CA, LLC (collectively, Uber), alleging that they and the putative class are misclassified as independent contractors. *See* Docket No. 13 (First Amended Complaint) (FAC) at ¶¶ 1-2. Uber has moved to compel arbitration. Docket No. 16 (Mot.). Uber contends that Plaintiff Del Rio is bound by the November 10, 2014 Rasier Agreement (November 2014 Agreement), and that Plaintiff Saghebian is bound by the July 2013 Licensing Agreement (July 2013 Agreement). Docket No. 17 (Colman Dec.) at ¶¶ 11, 12. Uber's motion to compel arbitration came on for hearing before the Court on December 10, 2015.

In the related cases *O'Connor v. Uber Technologies, Inc.* and *In re Uber FCRA Litigation*, this Court found that the July 2013 and November 2014 Agreements were unenforceable. *See O'Connor v. Uber Technologies, Inc.*, Case No. 13-cv-3826-EMC, Docket No. 395 at Section II.B.3 (analyzing the enforceability of the 2014 and 2015 arbitration agreements) and Docket No. 400 (analyzing the enforceability of the 2013 arbitration agreements); *In re Uber FCRA Litigation*, Case No. 14-cv-5200, Docket No. 70 (analyzing the enforceability of the July 2013 and June 2014 arbitration agreements); *Yucesoy v. Uber Technologies, Inc.*, Case No. 15-cv-262, Docket No.

1  142. For the reasons set forth in those orders, as supplemented below, the Court **DENIES** Uber's
2  motion to compel arbitration under the July 2013 and November 2014 Agreements.

## II.  DISCUSSION

At the hearing on this matter, two additional arguments were raised. First, Uber argued that California Civil Code section 1670.5 expressly permits severance of the blanket PAGA waiver. Section 1670.5 states:

> (a) If the court as a matter of law finds the contract or any clause of the contract to have been unconscionable at the time it was made the court may refuse to enforce the contract, or it may enforce the remainder of the contract without the unconscionable clause, or it may so limit the application of any unconscionable clause as to avoid any unconscionable result.
>
> (b) When it is claimed or appears to the court that the contract or any clause thereof may be unconscionable the parties shall be afforded a reasonable opportunity to present evidence as to its commercial setting, purpose, and effect to aid the court in making the determination.

As an initial matter, Section 1670.5 applies only to the severance of *unconscionable* terms, whereas the Court found that the arbitration agreements at issue are unenforceable as a matter of public policy.[1] Furthermore, as explained in the California Supreme Court's decision in *Armendariz v. Foundation Health Psychcare Services*, a court's severability analysis for unconscionable terms under Section 1670.5 is largely the same as the severability analysis for illegal terms under Section 1599. 24 Cal. 4th 83, 124 ("The basic principles of severability that emerge from Civil Code section 1599 and the case law of illegal contracts appear fully applicable to the doctrine of unconscionability."). Thus, the same basic framework previously applied by this Court remains unaltered. *See Martinez v. Master Prot. Corp.*, 118 Cal. App. 4th 107, 119 (2004) ("[t]he overarching inquiry is whether the interests of justice would be furthered by severance") (internal modifications and citations omitted). Moreover, the California Supreme Court has explicitly found that "Civil Code section 1670.5 does not authorize . . . reformation by

---

[1] With respect to the 2013 agreements, the Court has explained that the arbitration clauses are both unconscionable *and* unenforceable as a matter of public policy. *See O'Connor v. Uber Technologies, Inc.*, Docket No. 400 at Section III.D (finding that the 2013 arbitration agreement as a whole was unenforceable as a matter of public policy).

2

1   augmentation, nor does the arbitration statute." *Armendariz*, 24 Cal. 4th at 125; *see also Flores v.*
2   *Transamerica HomeFirst, Inc.*, 93 Cal. App. 4th 846, 857 (2001) ("Courts have no inherent
3   powers to reform contracts").

4    In *O'Connor*, the Court analyzed severability under Civil Code section 1599 and found
5   that the PAGA waiver could not be severed in either the 2013 or the 2014 and 2015 arbitration
6   agreements. Even assuming that Civil Code section 1670.5 applies here, the analysis under these
7   two sections is the same. With respect to the 2014 and 2015 agreements, the Court would still
8   find that the PAGA waiver cannot be linguistically severed from the remainder of the arbitration
9   agreement without undermining arbitration itself. The Court would also find that severability is
10  not permitted because the central purpose of the arbitration agreement is to require all disputes
11  (except those expressly excluded by the agreement but including PAGA claims) be directed into
12  individual arbitration. Thus, the PAGA waiver is not collateral to the central purpose, but is
13  instead an integral part of Uber's intent to require individual arbitration of all claims. *See*
14  *O'Connor*, Docket No. 395 at Section II.B.3. Moreover, as in *O'Connor*, the equitable
15  considerations do not favor severance. Unlike cases where severance is warranted where one
16  party would receive an unfair windfall because there has been performance of the contract, here
17  Uber has drafted a contract that misleads drivers into believing they have no right to bring a
18  PAGA claim in any forum. For all of these reasons, the Court would not sever the PAGA waiver
19  from the 2014 and 2015 agreements. With respect to the 2013 agreements, the blanket PAGA
20  waiver cannot be severed by the very terms of the arbitration agreement. *See O'Connor*, Docket
21  No. 400 at Section III.D. In other words, whether applying Civil Code section 1599 or Civil Code
22  section 1670.5, the result is the same: the PAGA waiver cannot be severed, and the entire
23  agreement is thus unenforceable.

24   Second, Plaintiffs argue that there is an additional unconscionable term in the form of an
25  indemnity provision, which requires that the Transportation Company indemnify Uber against all
26  claims brought by a third party.[2] Docket No. 30 at 10-11. Specifically, Plaintiffs seem to contend

---

28  [2] For example, the July 2013 contract states:

3

1  that the indemnity agreement may require drivers to pay Uber's legal fees for claims brought
2  against Uber by the driver because the driver is *also* a third party.  *See* Docket No. 37 at 14:15-
3  15:3.  It is not so clear, however, that a driver is a third party, as the contract generally
4  distinguishes between drivers and third parties.  *E.g.*, July 2013 Agreement at § 6.3.2 ("The
5  Transportation Company is solely responsible for ensuring that *Drivers* take reasonable and
6  appropriate precautions in relation to any *third party* with which they interact in connection with
7  the Driving Service.") (emphasis added).  In light of the Court holding that the contracts are
8  unenforceable as a matter of public policy, and that the 2013 arbitration agreement includes
9  numerous substantively unconscionable terms, the Court need not decide the issue.
10  ///
11  ///
12  ///
13  ///
14  ///
15  ///

---

6.3.1    Subject to the exceptions set forth in this Agreement, the Transportation Company agrees and undertakes and ensures that the Transportation Company will indemnify, defend and hold Uber (and its Affiliated Companies and employees and, at the request of Uber, Uber's licensors, suppliers, officers, directors and subcontractors) harmless from and against any and all claims, demands, expenses (including legal fees), damages, penalties, fines, social contributions and taxes by a third party (including Users, regulators and governmental authorities) directly or indirectly related to this Agreement.

6.3.2    The Transportation Company is solely responsible for ensuring that Drivers take reasonable and appropriate precautions in relation to any third party with which they interact in connection with the Driving Service. Where this allocation of the parties' mutual responsibilities may be ineffective under applicable law, the Transportation Company undertakes to indemnify, defend and hold Uber harmless from and against any claims that may be brought against Uber in relation to the Transportation Company's or Driver's provision of the Driving Service under such applicable law as further set forth in Section 6.3 (Indemnification).

July 2013 Agreement at § 6.3.

4

### III.   CONCLUSION

For the reasons stated above and in *O'Connor* and *In re Uber FCRA Litigation*, the Court **DENIES** Uber's motion to compel arbitration.

This order disposes of Docket No. 16.

**IT IS SO ORDERED**.

Dated: December 16, 2015

_____
EDWARD M. CHEN
United States District Judge