UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICARDO DEL RIO,<br><br>  Plaintiff,<br><br>  v.<br><br>UBER TECHNOLOGIES, INC., et al.,<br><br>  Defendants. | Case No. 15-cv-03667-EMC<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND DENYING PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION**<br><br>Docket Nos. 55, 64 |

Plaintiffs Ricardo Del Rio, Jose Valdivia, and Jose Pereira[1] filed the instant suit against Defendant Uber Technologies, Inc., alleging that Uber misclassified drivers as independent contractors. *See* Docket No. 13 (First Amended Complaint) (FAC) at ¶¶ 1-2. Plaintiff brings a number of employment claims, including: (1) failure to pay overtime wages, (2) failure to pay minimum wage, (3) penalties under California Labor Code section 2699 (Private Attorney General Act) (PAGA), (4) failure to provide itemized statements, (5) failure to reimburse expenses, (6) failure to provide rest meal periods, (7) failure to provide rest periods, (8) waiting time penalties under California Labor Code section 203, (9) unfair business practice under the Unfair Competition Law (UCL), (10) injunctive relief, and (11) violation of the Fair Labor Standards Act (FLSA). *See* FAC at 16-32.

Uber now moves to dismiss or stay Plaintiffs' First through Tenth causes of action (state law claims) pursuant to the *Colorado River* abstention doctrine, or in the alternative to dismiss Plaintiffs' first, second, fifth, sixth, seventh, eighth, and eleventh causes of actions for failure to

---

[1] Plaintiffs Valdivia and Pereira were added as named plaintiffs after briefing of the instant motion was completed. Docket No. 78.

state a claim under Federal Rule of Civil Procedure 12(b)(6). Docket No. 55 (Mot.) at 1-2. Uber's motion came on for hearing before the Court on March 24, 2016.

For the reasons stated on the record and in this order, the Court **GRANTS** Uber's motion to stay Plaintiffs' state law claims. As a general matter, "[f]ederal courts have a 'virtually unflagging obligation' to exercise the jurisdiction conferred upon them by the coordinate branches of government and duly invoked by litigants." *United States v. Rubenstein*, 971 F.2d 288, 293-94 (9th Cir. 1992). However, abstention in favor of a parallel state action may be proper due to considerations of "[w]ise judicial administration giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Nakash v. Marciano*, 882 F.2d 1411, 1415 (9th Cir. 1989) (quoting *Colorado River Water Conserv. Dist. v. United States*, 424 U.S. 800, 817 (1976)). Such cases are "rare," "limited," and 'exceptional," with only "only 'the clearest of justifications,'" supporting abstention. *R.R. St. & Co. v. Transp. Ins. Co.*, 656 F.3d 966, 977-78 (9th Cir. 2011) (quoting *Colorado River*, 424 U.S. at 818-19); *see also Rubenstein*, 971 F.2d at 294 ("Abstention is the exception."). In determining whether to stay a case pursuant to *Colorado River*, courts in the Ninth Circuit consider eight factors:

> (1) which court first assumed jurisdiction over [the case]; (2) the inconvenience of the federal forum; (3) the desire to avoid piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether federal law or state law provides the rule of decision on the merits; (6) whether the state court proceedings can adequately protect the rights of the federal litigants; (7) the desire to avoid forum shopping; and (8) whether the state court proceedings will resolve all issues before the federal court.

*R.R. St.*, 656 F.3d at 978-79. In this analysis, "[n]o one factor is necessarily determinative; a carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counseling against that exercise is required." *Colorado River*, 424 U.S. at 818-19.

Although *Colorado River* abstention is to be used only in limited and exceptional cases, the Court finds that the instant case warrants abstention. Plaintiffs' state law claims overlap almost entirely with the claims raised in *Price v. Uber Technologies, Inc.*, Case No. BC554512. The only claim raised in the instant suit that was not brought in *Price* is a Labor Code section 203

waiting time claim; however, this claim is completely derivative of the overtime, minimum wage, meal break, and rest break claims that are at issue in *Price*.[2] FAC at ¶ 67 ("these employees were never paid any of the overtime compensation referred to in this Complaint, nor were they paid the other unpaid wages referred to in this Complaint").  Thus, *Price* will likely resolve all of the state claims at issue here.  *Price* is also fairly advanced, with the motion for class certification on all of Plaintiffs' state claims (except the section 203 claim) having been filed and arguments set for August 2016.

        Many of the other factors support a stay; in particular, permitting this case to move forward creates the risk of piecemeal litigation, as the state claims will be proceeding in *Price*, while the underlying question of employment status will be litigated both in *Price* and in *O'Connor v. Uber Technologies, Inc.*, Case No. 13-cv-3826-EMC.  Additionally, the state court obtained jurisdiction first as *Price* was filed nearly a year before the instant case), the state proceedings will adequately protect the rights of the litigants, and state law provides the rule of decision on the merits of Plaintiffs' state claims.  All of these factors thus favor abstention.  While there is no evidence that the federal forum is inconvenient, or that either party is engaged in forum shopping, these factors weigh only slightly against abstention.  The Court therefore finds it appropriate to **STAY** Plaintiffs' state law claims.  *Compare with Daugherty v. Oppenheimer & Co.*, No. C 06-7725 PJH, 2007 WL 1994187, at *6 (N.D. Cal. July 5, 2007) (staying the plaintiff's state claims pursuant to abstention, but permitting the FLSA collective action to proceed, because the case was duplicative of a class action filed one year prior in state court that raised the same state claims on the same underlying issue of whether class members were misclassified as exempt).

---

[2] Plaintiffs also brought a PAGA claim for violations of Labor Code section 212, which concerns the form of payment of wages (*i.e.*, prohibiting payment by scrip, coupon, card, or other thing redeemable in merchandise).  However, Plaintiffs did not plead any section 212 claim or supporting facts in their complaint, and at the hearing, Plaintiffs confirmed that the only PAGA claim that did not overlap with *Price* was the section 203 waiting time penalty claim (which has been raised in the *In re Uber FCRA Litigation*, *see* Case No. 14-cv-5200-EMC, Docket No. 109 at ¶ 129(a)).  Docket No. 83 at 4:7-8.  Thus, although the Court previously found that abstention was not proper in this case with respect to the PAGA claims due to the non-overlapping claims, *see* Docket No. 59, Plaintiffs have now disclaimed their only non-overlapping claim (the PAGA claim for violations of section 212).

3

The Court also **GRANTS** Uber's motion to dismiss Plaintiffs' FLSA claims for failure to pay overtime and minimum wage. The Ninth Circuit has rejected generalized statements where the plaintiff merely alleges that the defendant did not pay overtime and minimum wage. *See Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638, 645 (9th Cir. 2014), *as amended* (Jan. 26, 2015) ("Although plaintiffs in these types of cases cannot be expected to allege 'with mathematical precision,' the amount of overtime compensation owed by the employer, they should be able to allege facts demonstrating there was at least one workweek in which they worked in excess of forty hours and were not paid overtime wages.'"). Here, Plaintiffs' allegations are devoid of facts; Plaintiffs do not even allege that they were personally not paid overtime or less than minimum wage, let alone a week in which they were not paid overtime or minimum wage. *See* FAC at ¶ 17. Furthermore, Plaintiffs do not explain how they define "work," *i.e.*, whether Plaintiffs contend that they drivers at work whenever the Uber app is on. *See Yucesoy v. Uber Techs., Inc.*, Case No. 15-cv-262-EMC, 2015 WL 6955140, at *3 (N.D. Cal. Nov. 10, 2015); *see also See Yucesoy v. Uber Techs., Inc.*, Case No. 15-cv-262-EMC, 2016 WL 493189, at *5-6 (N.D. Cal. Feb. 9, 2016) (dismissing overtime and minimum wage claims for failure to allege sufficient facts to show why waiting time is compensable). For those reasons, the Court will dismiss Plaintiffs' FLSA claims. Plaintiffs will have 30 days to file an amended complaint.

Because the Court is dismissing Plaintiffs' FLSA claims, the Court **DENIES** without prejudice Plaintiffs' motion to conditionally certify a collective action. Docket No. 64. Plaintiffs may re-file a motion for conditional certification once the pleadings have been settled.

This Order disposes of Docket Nos. 55 and 64.

**IT IS SO ORDERED**.

Dated: March 28, 2016

_____
EDWARD M. CHEN
United States District Judge

4