1  ROBERT G. HULTENG, Bar No. 071293
   rhulteng@littler.com
2  ANDREW M. SPURCHISE, Bar No. 245998
   aspurchise@littler.com
3  GILBERT A. CASTRO, Bar No. 269872
   gcastro@littler.com
4  LITTLER MENDELSON, P.C.
   333 Bush Street, 34th Floor
5  San Francisco, California  94104
   Telephone:    415.433.1940
6  Facsimile:    415.399.8490

7  SOPHIA BEHNIA, Bar No. 289318
   sbehnia@littler.com
8  LITTLER MENDELSON, P.C.
   501 W. Broadway, Suite 900
9  San Diego, CA  92101
   Telephone:    619.232.0441
10 Facsimile:    619.232.4302

11 Attorneys for Defendants
   UBER TECHNOLOGIES, INC. and
12 RASIER-CA, LLC

13                    UNITED STATES DISTRICT COURT

14                  NORTHERN DISTRICT OF CALIFORNIA

15

16 RICARDO DEL RIO, an individual          Case No.  3:15-cv-03667-EMC
17 California resident, on behalf of himself
   and all others similarly situated,      **NOTICE OF MOTION AND MOTION TO**
18                                          **STAY JUDICIAL PROCEEDINGS;**
                 Plaintiff,                 **MEMORANDUM OF POINTS AND**
19                                          **AUTHORITIES IN SUPPORT THEREOF**
          v.
20                                          Date:       June 9, 2016
   UBER TECHNOLOGIES, INC., a              Time:       1:30 p.m.
21 Delaware Corporation, RASIER-CA, LLC,   Courtroom: 5, 17th Floor
   a Delaware Limited Liability Company,
22 and DOES 1 through 10, inclusive,        Complaint Filed: August 11, 2015
                                            FAC Filed:  September 21, 2015
23               Defendants.                Trial Date:  None set

24

25

26

27

28

DEFENDANTS' MOTION TO STAY
PROCEEDINGS                                           Case No. 3:15-cv-03667-EMC

1  **TO ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:**

2      **PLEASE TAKE NOTICE** that on June 9, 2016, at 1:30 p.m., or as soon thereafter as the

3  matter may be heard in the above-entitled Court located at 450 Golden Gate Avenue, San Francisco,

4  CA 94102, Defendants UBER TECHNOLOGIES, INC. and RASIER-CA, LLC will move this

5  Court for an order briefly staying proceedings in this action (1) until Plaintiffs Ricardo Del Rio, Jose

6  Valdivia, and Jose Pereira ("Plaintiffs") opt out of the settlement in *Douglas O'Connor, et al. v.*

7  *Uber Technologies, Inc.* ("*O'Connor*"), Case No. 13-03826, at which time Plaintiffs can proceed

8  individually with their claims; or (2) if Plaintiffs do not opt out, or if they contend they may still

9  proceed with collective claims notwithstanding a preliminarily approved class action settlement in

10  *O'Connor*, until the *O'Connor* settlement is fully and finally approved by the Court and judgment

11  entered.

12      Defendants request this stay on the grounds that on April 21, 2016, the parties in *O'Connor*

13  filed a motion for preliminary approval of a classwide settlement.  The proposed settlement seeks to

14  release all claims pending in this matter (including the state law claims the Court stayed in its March

15  28, 2016 order [Dkt.84]) and it encompasses the entire putative class and collective in this

16  matter.  Because a settlement in *O'Connor* could completely extinguish any potential class and

17  collective claims in *Del Rio*, Defendants respectfully request a brief stay of proceedings.

18      This Motion is made and based on this Notice of Motion and the Memorandum of Points and

19  Authorities filed herewith, the Request for Judicial Notice, the pleadings and records on file with this

20  Court and on such oral and documentary evidence as may be presented at the time of hearing.

21  Dated: May 5, 2016

22

23                        */s/ Sophia Behnia*

24                        ROBERT G. HULTENG
                            ANDREW M. SPURCHISE

25                        GILBERT A. CASTRO
                            SOPHIA BEHNIA

26                        LITTLER MENDELSON, P.C.
                            Attorneys for Defendants

27                        UBER TECHNOLOGIES, INC. and
                            RASIER-CA, LLC

28

DEFENDANTS' MOTION TO STAY           1.                        Case No. 3:15-cv-03667-EMC
PROCEEDINGS

# TABLE OF CONTENTS

**PAGE**

I.      INTRODUCTION ................................................................................................................. 1

II.     STATEMENT OF ISSUES TO BE DECIDED [L.R. 7-4] ............................................... 1

III.    FACTUAL BACKGROUND ............................................................................................... 2

     A.    Factual Background ................................................................................................. 2

          1.    The Del Rio Action ..................................................................................... 2

          2.    The O'Connor Action .................................................................................. 3

IV.     THE DEL RIO ACTION SHOULD BE STAYED IN ITS ENTIRETY UNTIL THE
      COURT GRANTS FINAL APPROVAL OF THE O'CONNOR SETTLEMENT
      AGREEMENT ...................................................................................................................... 5

     A.    The First-to-File Doctrine Support Staying the Del Rio Action ................................. 5

          1.    The O'Connor Action Predates the Filing of Plaintiffs' Complaint ................ 7

          2.    The Identity of the Parties in this Action is Substantially Similar to the
             Parties in the O'Connor Action .................................................................... 7

          3.    Both Actions Assert Substantially Similar Legal and Factual Issues ............. 7

V.      CONCLUSION .................................................................................................................... 8

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

DEFENDANTS' MOTION TO STAY
PROCEEDINGS

i.

Case No. 3:15-cv-03667-EMC

# TABLE OF AUTHORITIES

**PAGE(S)**

**FEDERAL CASES**

*Alltrade, Inc. v. Uniweld Products, Inc.*
946 F.2d 622 (9th Cir. 1991) .......................................................................................5, 6

*Church of Scientology of California v. United States Department of the Army*
422 F.2d 1187 (9th Cir. 1970) ...........................................................................................6

*Dist. Council 37 Health & Sec. Plan v. McKesson Corp.*
2006 U.S. Dist. LEXIS 30584 (N.D. Cal. 2006) ...............................................................7

*Ferens v. John Deere Co.*
494 U.S. 516 (1990)............................................................................................................5

*Jumapao v. Wash. Mut. Bank*
2007 U.S. Dist. LEXIS 88216 (S.D. Cal. 2007) ................................................................6

*Nakash v. Marciano*
882 F.2d 1411 (9th Cir. 1989) ...........................................................................................8

*Pacesetter Systems, Inc. v. Medtronic. Inc.*
678 F.2d 93 (9th Cir. 1982) ...............................................................................................6

**OTHER CASES**

*Adedapoidle-Tyehimba v. Crunch, LLC*
2013 WL 1890718 (May 3, 2013) ......................................................................................6

*Meints v. Regis Corp.*
2010 WL 625338 (Feb. 16, 2010)......................................................................................6

*Young v. Bank of America, N.A.*
2013 WL 2952758 (Mar. 7, 2013) .....................................................................................6

**FEDERAL STATUTES**

Fair Labor Standards Act ........................................................................................................2, 3

**CALIFORNIA STATUTES**

Business & Professions Code § 17200 *et seq.* .........................................................................2

Labor Code § 203...................................................................................................................2, 3

Labor Code § 2699....................................................................................................................2

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

DEFENDANTS' MOTION TO STAY
PROCEEDINGS

i.

Case No. 3:15-cv-03667-EMC

**TABLE OF AUTHORITIES**
(CONTINUED)

PAGE(S)

Private Attorneys General Act of 2004 ........................................................................................2, 4, 5

**OTHER AUTHORITIES**

FRCP Rule 20 ...........................................................................................................................................3

Local Rule 7-4............................................................................................................................................1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

DEFENDANTS' MOTION TO STAY
PROCEEDINGS

ii.

Case No. 3:15-cv-03667-EMC

I.   **INTRODUCTION**

The issue before the Court is whether to stay this matter pending full and final resolution of the settlement in *Douglas O'Connor, et al. v. Uber Technologies, Inc.* ("*O'Connor*")*,* Case No. 13-03826*,* recently submitted for preliminary approval to this Court.  If the *O'Connor* settlement is approved, it will subsume all of the claims and the entire class and collective in this matter.  Out of respect for the interests of the putative class members and in accordance with principles of comity and judicial economy, both cases are best served by staying the *Del Rio* Action.  A stay of this lawsuit will allow the parties and the Court in *O'Connor* to finalize the pending class settlement, which if approved by the Court, will extinguish Plaintiffs Ricardo Del Rio, Jose Valdivia, and Jose Pereira's ("Plaintiffs") lawsuit.  Furthermore, by staying this entire action, the Parties will not be required to engage in motion practice regarding Plaintiffs' Second Amended Complaint, which will likely be superfluous once the *O'Connor* Action is resolved.

Prior to the filing of the proposed settlement in *O'Connor*, the Court reviewed the causes of action that have recently been re-alleged in Plaintiffs Second Amended Complaint.  The Court previously determined that the state law causes of action should be stayed due to the pendency of another case raising the same legal issues – *Price v. Uber Technologies, Inc. et al.*, Case No. BC554512.  The proposed settlement in *O'Connor* specifically encompasses all the claims of both *Price* and the present action.  Accordingly, the pending *O'Connor* settlement strengthens the basis to stay the entire case.

Because permitting the *O'Connor* Action to continue will be the most efficient resolution of the putative class' claims, Defendants Uber Technologies, Inc. and Rasier-CA, LLC ("Defendants") respectfully request this Court to stay all proceedings in this action (1) until Plaintiffs opt out of the *O'Connor* settlement, at which time Plaintiffs can proceed individually with their claims; or (2) if Plaintiffs do not opt out, or if they contend they may still proceed with collective claims notwithstanding a preliminarily approved class action settlement in *O'Connor*, until the *O'Connor* settlement is fully and finally approved by the Court and judgment entered.

II.   **STATEMENT OF ISSUES TO BE DECIDED [L.R. 7-4]**

The following issues are raised by this motion:

DEFENDANTS' MOTION TO STAY
PROCEEDINGS

1.

Case No. 3:15-cv-03667-EMC

1.    Whether the Court should temporarily stay all proceedings in this action until Plaintiffs opt out of the *O'Connor* Settlement or the *O'Connor* Settlement is fully and finally approved by the Court and judgment entered.

## III.    FACTUAL BACKGROUND

### A.    Factual Background

#### 1.    The *Del Rio* Action

On August 11, 2015, Plaintiff Del Rio filed this class action complaint in this Court, alleging eight claims under the California Labor Code, one claim under the California Business & Professions Code, and one claim for injunctive relief.  (*See* Dkt. 1).  On September 21, 2015, a First Amended Complaint ("FAC") was filed, adding Plaintiff Tony Mehrdad Saghebian as a named plaintiff and adding an additional cause of action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.  (*See* Dkt. 13).  Plaintiffs' FAC alleged eleven causes of action: (1) failure to pay overtime; (2) failure to pay minimum wages; (3) violation of Labor Code section 2699 pursuant to the Private Attorneys General Act ("PAGA"); (4) failure to provide itemized wage statements; (5) expense reimbursement; (6) failure to provide meal periods; (7) failure to provide rest periods; (8) waiting time penalties; (9) unfair business practices pursuant to the Business & Professions Code § 17200 *et seq.*; (10) injunctive relief; and (11) violation of the FLSA.  With respect to both Plaintiffs' state law and FLSA claims, Plaintiffs sought to represent "[a]ll Uber drivers (aka 'Transportation Providers') who have driven for Uber, an Uber 'User' or Uber Passenger in California during the Liability Period of August 11, 2011 and continuing."  (*See* Dkt. 13 at 11:9-11).

On January 22, 2016, Defendants filed a Motion to Dismiss the First Amended Complaint or in the alternative, stay Plaintiffs' claims pending the outcome of the earlier filed case, *Price v. Uber Technologies, Inc. et al.*, Case No. BC554512 (Cal. Super. Ct., Los Angeles County).  (*See* Dkt. 55).  On March 28, 2016, the Court granted Defendant's motion to stay Plaintiffs' state law claims.  In doing so, the Court relied heavily on the pendency of the *Price* case.  The Court explained:

> Plaintiffs' state law claims overlap almost entirely with the claims raised in *Price v. Uber Technologies, Inc.*, Case No. BC554512. The only claim raised in the instant suit that was not brought in *Price* is a Labor Code section 203 waiting time claim; however, this claim is completely derivative of the overtime, minimum wage, meal break,

2.

1
2
3
4

and rest break claims that are at issue in *Price*.   FAC at ¶ 67 ("these employees were never paid any of the overtime compensation referred to in this Complaint, nor were they paid the other unpaid wages referred to in this Complaint").   Thus, *Price* will likely resolve all of the state claims at issue here.  *Price* is also fairly advanced, with the motion for class certification on all of Plaintiffs' state claims (except the section 203 claim) having been filed and arguments set for August 2016.

5
6
7
8
9

(Dkt. 84, 2:26-28, 3:1-7).  The Court further noted "permitting this case to move forward creates the risk of piecemeal litigation, as the state claims will be proceeding in *Price*, while the underlying question of employment status will be litigated both in *Price* and in *O'Connor v. Uber Technologies, Inc.*, Case No. 13-cv-3826-EMC." (*See* Dkt. 84 at 3:8-11).  Thus, even prior to any settlement of the *O'Connor* case, the Court stayed Plaintiffs' state law claims pending the outcome of *Price*.

10
11
12
13
14

On February 3, 2016, Plaintiff filed a Rule 20 motion to add additional plaintiffs Jose Valdivia and Jose Pereira, which the Court granted on March 8, 2016.  (*See* Dkt. 58 and 78).  On February 23, 2016, the parties stipulated to dismiss Plaintiff Saghebian's claims against Defendants from the instant lawsuit and resolve his claims on an individual basis in arbitration.  (*See* Dkt. 72 and 73).

15
16
17
18
19

On April 27, 2016, Plaintiff filed a Second Amended Complaint ("SAC"), adding plaintiffs Jose Valdivia and Jose Pereira.  (*See* Dkt. 85)  The SAC alleged the same 11 causes of action as the First Amended Complaint on behalf of the same defined class (*Id.* at 3:59-17; 31:18-26), meaning the SAC asserts that exact same causes of action previously ordered stayed by this Court pending the outcome of the earlier-filed *Price*.

20
21

### 2.      The *O'Connor* Action

22
23
24
25
26
27

On August 16, 2013, over two years prior to the filing of the instant action, Plaintiffs Douglas O'Connor and Thomas Colopy filed a class action complaint in the Northern District entitled *O'Connor et al v. Uber Technologies, Inc.*, Case No. CV 13-03826-EMC.[1] (Defendants' RJN, Ex. 1 [Operative *O'Connor* Complaint].)   The plaintiffs in *O'Connor* alleged that Uber misclassified California drivers as independent contractors and asserted various derivative claims under California law.  On April 21, 2016, after extensive discovery and motion practice, various

---

[1] On August 5, 2015, Plaintiffs filed a revised Second Amended Complaint, which is the current operative complaint and is attached as Exhibit 1 to Defendants' Request for Judicial Notice in support of this motion.

28

DEFENDANTS' MOTION TO STAY PROCEEDINGS

3.

Case No. 3:15-cv-03667-EMC

1  amendments to the pleadings, two class certification orders and with multiple appeals currently

2  pending before the Ninth Circuit, the parties to the *O'Connor* action reached a settlement that seeks

3  to cover all wage and hour claims and litigation pending against Defendants in California.

4  (Defendants' RJN, Ex. 2 [*O'Connor* Class Action Settlement and Release] at ¶¶ 2-11, 22.)

5  The motion for preliminary approval was filed on April 21, 2016 and the preliminary

6  approval hearing is scheduled to take place on June 2, 2016.  (*Id.* at Ex. 3 [*O'Connor* Motion for

7  Preliminary Approval].)  The settlement agreement in *O'Connor* explicitly covers ***all*** claims asserted

8  in the instant action and specifically encompasses both the present action and the *Price* action:

9  …this Settlement Agreement shall cover all wage-and-hour claims
   and litigation now pending against Defendants in California and

10  Massachusetts (including standalone employment misclassification
    claims, claims related to or arising from alleged employment

11  misclassification, reimbursement claims, tips claims, overtime
    claims, minimum wage claims, inaccurate wage statement claims,

12  reporting time claims, payroll recordkeeping claims, claims for
    timely payment of wages upon discharge, claims for waiting time

13  penalties, claims for payment for all hours worked, claims for
    working more than six days in seven, claims for improper deduction

14  of wages, claims in court related to payment of workers'
    compensation, claims related to the provision of paid sick leave,

15  meal and rest break claims…and claims brought under the California
    Labor Code Private Attorneys General Act of 2004 ("PAGA")

16  and/or the California Unfair Competition Law ("UCL") predicated
    on or related to any alleged wage-and hour violations), including, but

17  not limited to, the wage-and-hour claims now pending against
    Defendants in the following matters:

18  …

19  a)  *Price et al. v. Uber Technologies, Inc. et al.*, Case No. BC554512

20  (Cal. Super. Ct., Los Angeles County);

21  …
    c) *Del Rio et al. v. Uber Technologies, Inc. et al.,* Case No. 3:15-cv-

22  03667-EMC (N.D. Cal.)

23  (*Id.* at Ex. 2, ¶ 28.)  The scope of the proposed settlement in *O'Connor* covers all cause of action of

24  the present case.

25  If the district court grants final approval of the proposed settlement, an amended complaint

26  will be filed and deemed the operative complaint in *O'Connor*. (*Id.* at Ex. 2, ¶ 29; Ex. B [Proposed

27

28

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

DEFENDANTS' MOTION TO STAY
PROCEEDINGS                                        4.                        Case No. 3:15-cv-03667-EMC

1   Fifth Amended Class Action Complaint] at ¶¶ 5, 86-87.)[2] The operative complaint in *O'Connor* will

2   include each cause of action asserted in the instant action. (*Id.*) The class to be certified for

3   settlement purposes will include all drivers who have used the Uber application in California. (*Id.* at

4   ¶ 30.)  In other words, Plaintiff and **the entire** putative class in the instant action will be settlement

5   class members in *O'Connor*. Accordingly, they will receive notice and an opportunity to either

6   participate in, or opt out of, the *O'Connor* settlement.  (Defendants' RJN, Ex. 2 at ¶¶ 193-201.)

7   Similarly, if the Court grants final approval of the proposed settlement, the *O'Connor*

8   settlement class members will all be bound by the release of the PAGA claims asserted in the

9   amended complaint, even if a settlement class member chooses to opt out of the class settlement. (*Id.*

10  at ¶ 200 ["Notwithstanding the submission of a timely request for exclusion, Settlement Class

11  Members will still be bound by the settlement and release of PAGA claims or remedies under the

12  Final Judgment."]) Thus, the operative complaint in *O'Connor* will include **all** PAGA claims

13  asserted in *Del Rio*, and thus will fully extinguish Plaintiffs' PAGA claims in this case.  That means,

14  if the *O'Connor* settlement receives final approval, all of the class and representative (and

15  potentially even individual) claims in the instant action will be extinguished.

16  ## IV.   THE *DEL RIO* ACTION SHOULD BE STAYED IN ITS ENTIRETY UNTIL THE
          COURT GRANTS FINAL APPROVAL OF THE *O'CONNOR* SETTLEMENT
17        AGREEMENT

18  ### A.   The First-to-File Doctrine Support Staying the *Del Rio* Action

19  It is well established that federal courts have the power to stay or dismiss a lawsuit that

20  parallels an action previously filed in a different United States district court.  The Supreme Court has

21  held that, "to permit a situation in which two cases involving precisely the same issues are

22  simultaneously pending in different District Courts leads to the wastefulness of time, energy and

23  money."  *Ferens v. John Deere Co.*, 494 U.S. 516, 532 (1990).  Accordingly, where as here, a

24  complaint involving the same parties and same issues has already been filed in the same federal

25  district, the court in which the second suit is filed may stay or dismiss the second suit.  *Alltrade, Inc.*

26  *v. Uniweld Products, Inc.,* 946 F.2d 622, 625 (9th Cir. 1991).

27

28  [2] The Proposed Fifth Amended Class Action Complaint is attached as Exhibit B to the Class Action Settlement and
    Release, attached to Defendants' RJN, as a part of Exhibit 2. .

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

DEFENDANTS' MOTION TO STAY
PROCEEDINGS                                    5.                          Case No. 3:15-cv-03667-EMC

1  Where there are duplicative actions, principles of comity and judicial economy lead to the

2  application of the first-to-file rule.   Under Ninth Circuit precedent, this rule is a "generally

3  recognized doctrine of federal comity which permits a district court to decline jurisdiction over an

4  action when a complaint involving the same parties and issues has already been filed in another

5  district." *Pacesetter Systems, Inc. v. Medtronic. Inc*., 678 F.2d 93, 94-95 (9th Cir. 1982) (citing

6  *Church of Scientology of California v. United States Department of the Army*, 422 F.2d 1187, 1193

7  (9th Cir. 1970)).   This equally applies where, as here, the first filed and subsequent cases were filed

8  in the same district.   The prerequisites for application of the first-to-file rule are (1) the chronology

9  of actions, (2) the identity of the parties involved; and (2) the similarly of the issues at stake.

10  *Alltrade*, *supra,* 946 F.2d 625.   According to a recent decision by Judge Thomas J. Whelan,

11  "[b]ecause the first-to-file rule serves the purpose of judicial efficiency well, it 'should not be

12  disregarded lightly.'" *Jumapao v. Wash. Mut. Bank*, 2007 U.S. Dist. LEXIS 88216 * 4 (S.D. Cal.

13  2007) (citing *Alltrade, Inc*., at 625).

14  Courts routinely stay actions pending the outcome of a settlement in a prior-filed class action

15  that covers some or all of the claims and the class in the later-filed case, ***even when the proposed***

16  ***settlement is pre-preliminary approval***. *See, e.g., Adedapoidle-Tyehimba v. Crunch, LLC*, 2013 WL

17  1890718 at *4 (May 3, 2013) (staying state law claims in later-filed class action pending outcome of

18  settlement in prior-filed class action); *Young v. Bank of America, N.A*., 2013 WL 2952758 at *2

19  (Mar. 7, 2013) (staying later-filed class action because "it would be inefficient to allow the present

20  case to go forward, while knowing that many of the putative class members will have their claims

21  extinguished by the settlement (if approved) in the earlier-filed cases."); *Meints v. Regis Corp*., 2010

22  WL 625338 at *3 (Feb. 16, 2010) (staying later-filed class action pending outcome of proposed, pre-

23  preliminary approval settlement in prior-filed class action because the settlement may prevent

24  plaintiff in later-filed case "from proceeding with this case as a class action as to any of her

25  claims.").

26  Application of the three *Alltrade* factors to the *Del Rio* Action strongly favors invocation of

27  the first-to-file rule, resulting in the Court staying the entire action (allowing Plaintiffs to either file a

28  claim, exclusion, or objection in the *O'Connor* Action).

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

DEFENDANTS' MOTION TO STAY PROCEEDINGS          6.          Case No. 3:15-cv-03667-EMC

1        **1.      The *O'Connor* Action Predates the Filing of Plaintiffs' Complaint**

2            It is undisputed that the *O'Connor* Action, which was filed in August 2013, and currently

3    pending in this Court, predates the filing of this action, filed on August 11, 2015.  This chronology

4    therefore favors application of the first-to-file rule and stay of this action pending final approval of

5    the *O'Connor* Action.

6        **2.      The Identity of the Parties in this Action is Substantially Similar to the
              Parties in the *O'Connor* Action**

7

8            The parties in this action and the *O'Connor* Action are identical.  Plaintiffs in this lawsuit

9    seek to represent a purported collective of individuals that includes themselves and ""[a]ll Uber

10   drivers (aka 'Transportation Providers') who have driven for Uber, an Uber 'User' or Uber

11   Passenger in California during the Liability Period of August 11, 2011 and continuing."  (*See* Dkt.

12   85 at 3:59-17; 31:18-26.)   These are the exact same individuals on whose behalf the *O'Connor*

13   Action is currently pending.  (*See,* Defendants' RJN, Ex. 1; and Ex. 2  at ¶¶ 2:21-3:8).  In fact, if this

14   Court affirms the settlement, and unless Plaintiffs timely exclude themselves or otherwise object to

15   being part of the class, they will be subject to the *O'Connor* Settlement Agreement's release

16   provisions.

17           Moreover, the fact that Plaintiffs are not a named class representative in the *O'Connor*

18   Action has no bearing on the application of the first-to-file rule.  *Dist. Council 37 Health & Sec.*

19   *Plan v. McKesson Corp.*, 2006 U.S. Dist. LEXIS 30584 *2-3 (N.D. Cal. 2006) ("Although the

20   named plaintiffs are different in the two cases, the named plaintiffs are members of classes which are

21   defined identically in the two actions and are therefore substantially similar.").   Accordingly,

22   because both actions involve "substantially similar" parties, and because the outcome of the

23   *O'Connor* Action will likely radically alter the viability of the vast majority of Plaintiff's claims, the

24   Court should apply the second-prong of the first-to-file rule and stay this action pending final

25   resolution of the *O'Connor* Action.

26       **3.      Both Actions Assert Substantially Similar Legal and Factual Issues**

27           The "identity of issues" requirement of the first-to-file rule does not require strict identity,

28   but rather, that both actions be "substantially similar."  Under the rule, if the legal and factual issues

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

DEFENDANTS' MOTION TO STAY
PROCEEDINGS                                    7.                        Case No. 3:15-cv-03667-EMC

1   in both lawsuits give rise to the same causes of action and alleged wrongdoing by the defendant, then

2   judicial economy and comity require the application of the rule.  *Nakash v. Marciano*, 882 F.2d

3   1411, 1416 (9th Cir. 1989) (exact parallelism is not required, it is merely enough "if the two

4   proceedings are 'substantially similar'").

5         Both actions involve the same underlying factual allegations: namely that Defendants have

6   an alleged practice of violating California wage and hour laws by failing to provide their alleged

7   employees with meal and rest breaks, failing to pay overtime, failing to pay minimum wage, failing

8   to reimburse alleged employees for expenses, and failing to provide proper wage statements.  In fact,

9   the proposed fifth amended complaint in *O'Connor* covers **all** of the claims pending in *Del Rio*.

10  Given the fact that the legal and factual issues in this action are identical to the pending *O'Connor*

11  Action, the Court should grant Defendants' Motion.

12  **V.      CONCLUSION**

13        For the forgoing reasons, Defendants respectfully request that the Court stay this entire action

14  until final resolution of the *O'Connor* Action, at which time Plaintiffs' right to continue with their

15  putative collective action will likely be severely constrained by principles of *res judicata*.

16

17  Dated: May 5, 2016

18

19                                        */s/ Sophia Behnia*

20                                        ROBERT G. HULTENG
                                          ANDREW M. SPURCHISE

21                                        GILBERT A. CASTRO
                                          SOPHIA BEHNIA

22                                        LITTLER MENDELSON, P.C.
                                          Attorneys for Defendants

23                                        UBER TECHNOLOGIES, INC. AND
                                          RASIER-CA, LLC

24

25  Firmwide:140195177.4 073208.1083

26

27

28

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

DEFENDANTS' MOTION TO STAY
PROCEEDINGS                                        8.                                   Case No. 3:15-cv-03667-EMC